14 F.3d 593
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles E. BIRD, Petitioner,
v.
UNION CARBIDE CORPORATION; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 93-1512.
 United States Court of Appeals, Fourth Circuit.
 Submitted October 13, 1993.
Decided December 17, 1993.
 
 On Petition for Review of an Order of the Benefits Review Board.
 Charles E. Bird, Petitioner Pro Se.
 Mary Rich Maloy, Jackson & Kelly; Dorothy L. Page, Barbara J. Johnson, United States Department of Labor, for respondents.
 Ben.Rev.Bd.
 VACATED AND REMANDED.
 Before HALL and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 
 PER CURIAM
 OPINION
 
 1
 Charles E. Bird, who worked in the mines for 37 years, seeks review of the Benefits Review Board's decision and order affirming the administrative law judge's denial of black lung benefits pursuant to 30 U.S.C. Secs. 901-945 (West 1986 & Supp.1993). For the following reasons, we vacate the Board's decision and remand for further proceedings.
 
 
 2
 The Board remanded, for reasons unrelated to the present issue, the ALJ's initial decision that awarded benefits.
 
 
 3
 On remand, Union Carbide introduced evidence that equipment used for an arterial blood gas study had been improperly calibrated. Although the ALJ allowed Bird the opportunity to respond to the evidence, Bird did not contest this fact. Hence, the parties are in agreement that the equipment was defective. Because the claimant's doctor relied in significant part on the blood gas study, the ALJ discounted the doctor's opinion and denied benefits. The Board affirmed the ALJ's denial of benefits, and the claimant appealed.
 
 
 4
 Regulations provide for the use of arterial blood gas studies as a method to directly prove total disability, 20 C.F.R.Sec. 718.204(c)(2), or to support a physician's opinion of total disability, 20 C.F.R. Sec. 718.204(c)(4). See also 20 C.F.R.Sec. 718.105. The equipment for producing the study was defective, through no fault of the claimant. His doctor was not aware of the defect. The defective equipment made it impossible for the ALJ to properly apply these regulations in deciding Bird's claim.
 
 
 5
 We remand to the Board with directions to remand to the ALJ. The ALJ shall then afford the claimant an opportunity to obtain and present results from a properly calibrated arterial blood gas study and his physician's opinion based on the new study, if the results are positive.
 
 VACATED AND REMANDED